*E-Filed 2/22/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIUS ROY BRAGG, | No. C 10-4695 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

Plaintiff alleges that defendants, employees and officers of Pelican Bay State Prison, provided constitutionally inadequate medical care in violation of his rights under the Eighth Amendment. Specifically, plaintiff alleges that (1) Dr. C.L. Williams refused to give him pain medication to treat chronic pain in plaintiff's back, hands, and feet when plaintiff said he would not pay for the medication, and otherwise failed to provide treatment for plaintiff's pain, mobility problems, and sleep disorder; (2) Dr. Nancy Adam refused to provide pain medication or therapy to treat plaintiff's various ailments; (3) Dr. Michael Sayre failed to treat plaintiff's chronic pain, discontinued medication plaintiff took for a skin condition, and his fish oil supplements for his kidney ailment, and denied his request to be placed in a medical facility; (4) Maureen McLean, chief of medical services, did not respond to plaintiff's written requests for help; (5) L. Phillips, a registered nurse, failed to report his conditions to a doctor, and recommended that his claim be denied; (6) G. D. Lewis, warden at Pelican Bay, failed to respond to plaintiff's request for help; (7) Governor Schwarzenegger

failed to respond to plaintiff's requests for help; and (8) J. Clark Kelso failed to respond to plaintiff's request for help.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U. S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id*. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin*, 974 F.2d at 1060. In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to plaintiff's health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). A claim of mere negligence related to medical problems, or a difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. *Id*.; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's complaint is deficient in that it does not contain sufficient factual matter to support his claims. As to (1) it appears that Dr. Williams offered pain medication, but that plaintiff refused to pay for it. Such facts do not indicate that Dr. Williams knew of and

disregarded a serious risk to plaintiff's health.  Rather, plaintiff refused treatment that was offered to him.  As to his other claims against Williams, plaintiff has not alleged specific facts that Williams failed to treat his mobility problems or his sleep disorder.  Instead, plaintiff alleges facts only as to the medication claim.  As to (2), it appears that Adam ordered a shower chair for plaintiff, though refused to order him other equipment to treat his mobility problems.  This is insufficient.  Adam provided some treatment.  That plaintiff, in his opinion, did not receive all the treatment he wanted is not sufficient to state a claim for relief.  *See Toguchi*, 391 F.3d at 1058–60.  Plaintiff must allege specific facts that Adam's refusal to order other equipment constituted a disregard of a serious risk to plaintiff's health.  Also, his allegations regarding Adam's refusal to prescribe medication are insufficient because his factual allegations concern only medical equipment and physical therapy.

As to (3), it appears that Sayre promised to look into getting plaintiff a cane.  Plaintiff's allegations do not go further, and therefore are insufficient.  Promising to look into a matter and not following up with plaintiff does not, without more, show that Sayre knew of and disregarded a serious risk to plaintiff's health.  Similarly, plaintiff's allegations that Sayre's discontinuation of cremes and medications, and his refusal to place plaintiff in a medical facility, do not state claims for relief.  Plaintiff himself says that Sayre discontinued the medications and refused placement in a medical facility because his supervisors refused to approve of further dispensation of such treatment.  Plaintiff must allege specific facts that Sayre could have, but refused to, provide proper treatment, and that his refusal to supply medications or placement in a medical facility constituted deliberate indifference to his serious medical needs.  As to (5), plaintiff does not specify what medical complaints he spoke of with L. Phillips, or what claim she allegedly recommended denying.

Plaintiff alleges in (4) and (6)–(8) claims against persons in authority over the other defendants.  Because there is no "pure" respondeat superior liability under section 1983, the requisite causal connection for section 1983 purposes may be established when an official sets in motion a "series of acts by others which the actor knows or reasonably should know

would cause others to inflict" constitutional harms. *Preschooler II v. Clark Co. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citation removed).  In order to hold supervisors liable under § 1983, a plaintiff must show "(1) that he possessed a constitutional right of which he was deprived; (2) that the [named defendants] had a policy; (3) that the policy 'amounts to deliberate indifference' to [plaintiff's] constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations removed).  There also must be a "direct causal link" between the policy or custom and the injury, and plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice."  *Id.*, citing *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2002).  Plaintiff's allegations do not meet these requirements.

Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint within 30 days from the date this order is filed.  The first amended complaint must include the caption and civil case number used in this order (10-4695 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may <u>not</u> incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff's motions for the appointment of counsel (Docket No. 3), appointment of *amicus curiae* (Docket No. 4), and to file an unexhausted claim after exhaustion (Docket No. 5) are DENIED without prejudice. Plaintiff may refile such motions when he files his amended complaint. This order terminates Docket Nos. 3, 4 & 5.

**IT IS SO ORDERED**.

DATED: February 22, 2011

RICHARD SEEBORG
United States District Judge