*E-Filed 3/12/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIUS ROY BRAGG, | No. C 10-4695 RS (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO DISQUALIFY;** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | |

## INTRODUCTION

This Court granted defendants' summary judgment motion on plaintiff's Eighth Amendment claims, and directed plaintiff to file an amended complaint concerning his claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132. He filed an amended complaint, a motion to disqualify the presiding judge, and a motion for summary judgment. The Court addresses these filings below.

**I.   Motion to Disqualify**

Plaintiff moves to disqualify the presiding judge in this matter on grounds that he is prejudiced and biased against him, as evidenced by the judge's failure to rule in his favor on his motions and requests. (Docket No. 67.)  A party may move to disqualify, or recuse, a

judge from presiding in a given case.  Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455.  Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief.  *See* 28 U.S.C. § 144.  Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter.  *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455.  *See Sibla*, 624 F.2d at 868.  Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).  Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well.  *Sibla*, 624 F.2d at 867.

Here, as noted, plaintiff moves to disqualify the undersigned on the ground of prejudice and bias.  Merely ruling against plaintiff is not sufficient to show prejudice or bias, however.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); *Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").  In sum, plaintiff's allegations categorically fail to establish any basis, under either

1 § 144 or § 455, for a determination that the Court's impartiality might reasonably be
2 questioned herein, and, consequently, are insufficient as a matter of law. Accordingly,
3 plaintiff's motion to disqualify is DENIED.

## II. Review of Amended Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's amended complaint lacks any statement of his claims, and says only "See Attached." The Court assumes that this attachment is his contemporaneously-filed motion for summary judgment (Docket No. 66). Because this filing is construed as part of the complaint, the motion for summary judgment is DENIED without prejudice. Broadly

United States District Court
For the Northern District of California

construing plaintiff's allegations, he claims that his jailors and medical staff at Pelican Bay State Prison refused to provide adequate medical care to treat his disability, a violation of the ADA.

Section 505 of the Rehabilitation Act, 29 U.S.C. § 794(a), which is subsumed under the ADA, 42 U.S.C. § 12132, provides that "[n]o otherwise qualified individual with a disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." The elements of a claim under the Act are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap. *See Bonner v. Lewis*, 857 F.2d 559, 562–63 (9th Cir. 1988).

The amended complaint fails to state a claim under the ADA, which prohibits discrimination because of a disability, but not, as plaintiff alleges, inadequate treatment for a disability. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2005). Accordingly, the amended complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before May 1, 2014. The third amended complaint[1] must include the caption and civil case number used in this order (13-4695 RS (PR)) and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

---

[1] Plaintiff filed a complaint (Docket No. 1), a first amended complaint (Docket No. 7), which was served on defendants, and the instant complaint (Docket No. 65), which was also titled as a first amended complaint. For purposes of clarity, plaintiff shall title his next amended complaint as the third amended complaint.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Defendants' motion to strike (Docket No. 70) is DENIED as moot. The Clerk shall terminate Docket Nos. 66, 67, and 70.

**IT IS SO ORDERED**.

DATED: March 12, 2014

RICHARD SEEBORG
United States District Judge